## Case No. 16,031.

### UNITED STATES v. PERALTA et al.

[Hoff. Land Cas. 89.] [1]

District Court, N. D. California.   March 10, 1856.

#### MEXICAN LAND TRUSTS.

The validity of this claim fully established.

[Claim of Sebastian Peralta and José Henandez to the Rancho Rinconada de los Gatos, comprising a league and a half of land in Santa Clara county.]

S. W. Inge, U. S. Atty.
A. P. Crittenden, for appellees.

---

## Case No. 16,032.

### UNITED STATES v. PERALTA.

[Hoff. Op. 63; Hoff. Dec. 6.]

District Court, N. D. California.   Nov. 28, 1859.

MEXICAN LAND GRANTS — LIMITATION AS TO QUANTITY — CONFIRMATION OF CLAIM—FINALITY OF DECREE—STIPULATION BY UNITED STATES ATTORNEY.

[1. There is no authority which will justify the court in confirming to a claimant a tract four or five leagues in extent, under a grant which designates the quantity as two leagues, a little more or less.]

[2. An appeal was taken from a decree confirming a claim, but thereafter the district attorney, by a stipulation, consented that the order granting the appeal might be vacated and an order entered allowing the claimant to proceed under the decree of this court, as under a final decree. The stipulation was made upon a misconception by the district attorney, occasioned by misrepresentations upon the diseño, and by a witness, as to the extent of the land contained within the boundaries confirmed; and it subsequently appeared that these boundaries gave to the grantee more than twice the quantity granted. Held, that the stipulation would not prevent the court from so modifying the decree, in advance of the official survey, as to give only the quantity granted.]

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]

HOFFMAN, District Judge. In this case a decree was entered at a former term by consent of the United States, confirming the claim. In the decree of the board the land was described as of the extent of two leagues, a little more or less, and the boundaries as contained in the grant were mentioned. In the decree of this court the boundaries set forth were those which are mentioned in the original decree of concession as well as in the titulo or final title, and the limitation of quantity was omitted. The cause was appealed and at a subsequent day, pursuant to instructions, the district attorney entered into a stipulation consenting that an order be entered vacating the order granting an appeal, and giving leave to the claimant to proceed under the decree of this court as under final decree. It was afterwards brought to the notice of the district attorney that the land contained within the boundaries mentioned in the decree is of the extent of about five leagues. A motion was therefore made to amend the decree by limiting the extent of land to the quantity mentioned in the grant.

In support of this motion it was shown by affidavit that the land was five leagues in extent, and the counsel for the claimant admitted in court that its area was about nineteen thousand acres, which would be something more than four leagues. It is quite clear that under no ruling of this court, or the supreme court, in this class of cases, can a claimant be entitled to a confirmation of a tract four or five leagues in extent, under a grant which designates the quantity as two leagues, a little more or less. If in any case it could be held that the governor intended to grant the large tract, notwithstanding the limitation of quantity mentioned in the grant, it could only be where it appears that he knew the quantity contained within the boundaries; that the boundaries are distinct and well defined, and that he granted all the land within them. But in this case only three boundaries are mentioned in the grant. The names of a rancho (San Antonio) and of two places ("parages"), viz: El Hombre and Monte del Diabolo, are given, to which the land granted is said to be contiguous ("colindante"). In the map which is found in the expediente, and to which the grant refers, the tract is delineated, and at the foot of it is a note signed with the rubric of one Zamorano, in which it is stated that the land "from north to south is a little more than two leagues, and from east to west a little less than one league." It was under these representations that the governor described the land as of the extent of two leagues, a little more or less, as shown by the map, and reserved the surplus to the nation. It was also testified by José Maria Amador, a witness produced by the claimant, that the distance between the two streams of Las Juntas and the San Ramon, from north to south, is a little more

than two leagues, and the distance from east to west in some places two miles, in others a little less than one league. So far, therefore, as the record disclosed the facts, it appeared that the extent of land embraced within the boundaries was about two leagues.

It had previously been held by this court that, where all the boundaries of a grant were clearly defined, and where the conditions specified the extent as of a certain number of leagues, a "little more or less, as shown by the map," the whole land included within the boundaries should be deemed to pass by the grant, provided that the quantity over and above that specified did not exceed a fractional part of the usual unit of measurement, viz: one league, it being supposed that such excess might reasonably be considered to be covered by the words "more or less." It had also been held that for the purpose of ascertaining the boundaries resource was to be had not to the grant alone, but also to the petition, diseño, and to inquiries whether the name of the rancho indicated a place of known limits and extent. But in the case of U. S. v. Fossatt [20 How. (61 U. S.) 427], this view was held to be erroneous. The words "more or less" were rejected as having no place in our system of survey and location, and the grantee was restricted to the quantity clearly expressed. The grant in that case as in this, mentioned only three boundaries, but the court refused to refer to the petition, or diseño, to ascertain the fourth boundary, or to inquire if the name of the place granted "had any significance as connected with the limits of the tract." It is clear, therefore, that if the quantity of land exceeded two leagues (the quantity clearly expressed) by only a fraction of a league, the claimant would, under the decision of the supreme court, be limited to the precise quantity of two leagues; a portion must be so limited when the excess is from two to three leagues. If, then, this court has not lost jurisdiction over the cause, it is clearly its duty to reform the decree by designating the quantity of land confirmed. It is objected that this is a consent decree, and therefore cannot be reopened or appealed from.

With regard to the first consent, given by the district attorney, it is sufficient to say that it was merely a consent to a confirmation of the claim, and to an affirmance of the decision of the board. It cannot, in any case, be called a consent to the decree made by this court. With regard to the second consent, there is more difficulty. That consent was in the usual terms of the stipulation filed by that officer whenever instructed to dismiss an appeal to the supreme court. He consents that the order granting the appeal be vacated, and that an order be entered allowing the claimant to proceed under the decree of this court, as under final decree.

It will be observed—First: That this stipulation does not in terms purport to be a consent that a certain decree shall be made, but it consents that an appeal shall be dismissed, and that a decree previously made shall be regarded as final. If, then, that decree is to be considered a consent decree, it cannot be because it was made on a previous consent, but because a subsequent assent to its finality has given it that character.

Second: It appears that that consent, whatever be its effect, was given not only in ignorance of the facts, but on a misconception of them, occasioned by the misrepresentations as to the extent of the land contained in the note upon the diseño furnished by the grantee, and the testimony of Amador, a witness produced by the claimant.

As the court sees that this decree will, if suffered to stand, give to the claimant more than double the quantity of land which he solicited from the governor, and to which he is by the law, as declared by the supreme court, entitled, it seems to me that the technical objection which has been noticed ought not to be permitted to prevent the correction of the mistake, both as to the law and the fact, into which this court fell. But even if in an ordinary case, where the final decree of this court is exhaustive of its power, such a mistake could not, under these circumstances, be corrected, there can be no doubt that in the special class of cases, of which this is one, this court possesses such authority.

In the recent decision of the supreme court in the case of U. S. v. Fossatt, 21 How. [62 U. S.] 450, it is declared that this power of the district court over the cause does not terminate until the issue of a patent conformably with its decree. As that case was remanded, because the decree entered by this court was not a just decree, it was argued with much force that all decrees of this court were to be regarded as interlocutory until a final decree, embodying and adopting a survey was entered. It was held, however, by this court, that the decrees heretofore entered, by which the validity of the claim was ascertained, were to be regarded as final decrees in a sense to authorize a survey, as of lands "finally confirmed," to be made, or an appeal to be taken from them. But it was also held that such decrees did not exhaust the power of the court over the cause, and that it had authority to hear objections to the survey and location which might be made, and to direct the surveyor to correct or modify the survey, conformably to its opinion. This jurisdiction the court has since frequently exercised. If, then, a survey be made under the decree in this case, it will be the duty

and within the power of the court to hear any objections to it that may be urged. If there be any ambiguity or repugnance in the decree, it will be the duty of the court to construe and explain it.

The decree, as has been stated, sets forth the boundaries of the tract confirmed. But, though it does not mention the quantity, it refers for more particular description to the grant and the diseño, with the note by Zamorano. In one of these documents the quantity of land is clearly expressed as "two leagues, a little more or less" (which the supreme court has decided to mean two leagues); and in the other its extent is declared to be a little more than two leagues in length, and a little less than one league in width. If then the grant and diseño are to be consulted and followed in these respects, the boundaries cannot be reached. If the land is surveyed according to the boundaries, the limitation of quantity contained in the grant must be disregarded. A case is thus presented where the decree must be construed and explained by the court; and, under the circumstances of this case, and the law as laid down by the supreme court, there can be no doubt as to what the construction should be. If the views taken by the claimant be correct, it would follow that, notwithstanding that the decree of the court was made on a misconception of the facts occasioned by evidence produced by the claimant himself, and notwithstanding that a motion to open the decree was duly made before the expiration of the term, yet by reason of a purely formal stipulation, given by the district attorney in ignorance of the facts, this court is not only powerless to amend its decree, but is bound to confirm a survey, giving to the claimant at least double, and it might be ten times, as much land as he is entitled to claim. Such cannot, it seems to me, be the duty of the court. As, then, this court has the right and may be required to construe and explain this decree, when a survey under it shall have been made, and to instruct the surveyor as to the manner in which a new survey shall be made, it is clearly within its power, when its attention is called to the decree in advance of the survey to explain and construe it in such a manner that a survey may in the first instance be made under it, such as it would if a survey had already been submitted to it, direct to be made. By this means the expense and delay of two surveys are avoided, and the surveyor is relieved from all embarrassments in the matter.

It is for the foregoing reasons the opinion of the court that the decree in this case should be amended, and that, as in the decree ordered by the supreme court in the case of U. S. v. Fossatt [supra], the grant to the original grantees should be adjudged to be for two square leagues of land to be taken within the boundaries mentioned and decree of concession and delineated on the diseño in the grant, to be located at the election of the grantee or his assigns. under the restriction established for the location and survey of private land claims in California, by the executive department of this government; and that the claim of the claimant to one undivided half of the said two leagues be confirmed to him.